24 C.C.P.A.(Patents)

## In re WEBER.
### Patent Appeal No. 3769.

Court of Customs and Patent Appeals.
March 22, 1937.

O. H. Eschholz, of East Pittsburgh, Pa. (O. B. Buchanan, of Pittsburgh, Pa., and L. H. Sutton and Raymond Jones, both of Washington, D. C., of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming the examiner's rejection of claims 2, 4, 6, 14, and 15 of an application for patent relating to "Improvements in Capacitor-Motor Fan." Appellant divides the claims into two groups. Nos. 2, 4, and 6 in one group and 14 and 15 in the other. Claims 4 and 15 are quoted as illustrative of the respective groups:

"4. A fan comprising a supporting pedestal having a supporting column and an enlarged base, a variable-speed self-starting, single-phase induction motor mounted on the supporting column of said pedestal and comprising a stator member having dephase primary windings, and a rotor member having closed-circuited secondary windings, fan blades driven by said rotor member, circuit-connections for co-operating with said primary windings to provide a common, unbranched circuit-portion and two branch-circuit portions for energizing the two primary windings, respectively, from a common single-phase source, and a capacitor, an adjustable transformer, and a control handle for said adjustable transformer all mounted in the base of said pedestal, an adjustable portion of said transformer being connected in series circuit relation to the common, unbranched portion of the circuit, a constant portion of said transformer being connected in series circuit relation to one of the branch-circuit portions of the circuit, and a larger constant portion of said transformer being connected across said capacitor.

"15. A single-phase, capacity-motor fan, comprising a supporting pedestal having a supporting column and an enlarged base, a self-starting, single-phase, induction motor mounted on the top of the supporting column of said pedestal and comprising a stator member having dephased primary windings, and a rotor member having closed-circuited secondary windings, fan blades driven by said rotor member, a capacitor mounted in said enlarged base, and connections for starting and running said motor on its dephased primary windings as a capacitor motor, whereby the size and weight of the motor at the top of said supporting pedestal is materially reduced over that of an ordinary single-phase induction motor, and whereby the masses at the top and bottom of the pedestal are more agreeably balanced relative to each other."

The rejection was for lack of patentability of the combination over prior art, the single reference cited by the Examiner being a patent to one Jennings, No. 1,-433,725, October 31, 1922.

The brief on behalf of appellant approves the description of his device given by the Board in its decision as follows:

"The claims on appeal are directed to alleged improvements in pedestal fans, such alleged improvement residing in the use of a motor of a particular type which is said to be lighter for the required horsepower and which requires for its operation certain accessories which are disposed in the base of the pedestal with a resultant change of balance, as compared with previous fans over which it is claimed to be a marked improvement.

"The motor employed is of the so-called capacitor single phase induction type, the capacitor being associated with the starting winding for dephasing the same with respect to the primary windings. Inductance elements are also associated with the two windings to further assist in dephasing and increasing the efficiency, one of these inductances being tapped for co-operation with a speed controlled switch which is also located in the pedestal base."

Appellant's brief states: "The patent to Jennings is issued to the same assignee as the present application, and shows a pedestal fan including a single-phase induction motor of the squirrel-cage type. The motor is mounted at the top of the fan pedestal, and the speed-controlling switch and an auto-transformer are mounted in the base of the pedestal."

From the foregoing description it becomes immediately obvious that broadly the combination of elements in the Jennings device is the same as the combination of elements in the device of appellant. That is to say, Jennings shows a device consisting of a fan connected with and operated by a single-phase induction motor mounted upon a pedestal, in the base of which pedestal are contained elements which broadly correspond to the elements in the base of appellant's pedestal. It may be added that the several general features of the application are combined in substantially the same relationship as that of the corresponding general features of the patent.

Under this state of facts it was held, in substance, that whatever patentable novelty was presented in the application resided in the motor (several claims relating thereto being allowed), and that the claims at issue should be and they were rejected upon the ground of exhausted combination.

As we understand the facts of the case, from the record, what appellant did was to take a capacitor-motor which has long been known, and make certain modifications therein to adapt it for use with what, in common parlance, is called an "electrical fan," particularly that type of fan which is used on desks and the like. These modifications result in the production of a lighter motor, and certain changes in the elements which go into the base of the pedestal—elements which connect with the motor—render the base somewhat heavier.

For such modifications of the motor as were found to involve invention claims have been allowed, but appellant seeks to go further and obtain claims for the combination which resulted from substituting the capacitor-motor, of course including such of its concomitant elements as are located in the base of the pedestal, for the type of motor, including its corresponding concomitant elements, formerly used. The result claimed for the combination by the substitution so provided is, as expressed in claim 15, supra, that "the size and weight of the motor at the top of said supporting pedestal is materially reduced over that of an ordinary single-phase induction motor, and * * * the masses at the top and bottom of the pedestal are more agreeably balanced relative to each other."

It is argued on behalf of appellant, in substance, that, although both the capacitor-motors art and the pedestal-fan art are very old and both prolific in inventions, and although the result obtained by appellant's combination is one which has long been desirable, he is the first to accomplish it; that the numerous persons skilled in these respective arts have not presented a combination which produced the desirable result and that "invention is involved in the perception of the fact that the capacitor motor, with its control, involves a reproportioning of weight between the motor and the control, so that it offers the possibility of very materially improving the 'balance' of the pedestal fan, by bringing the weights of the head and the base more nearly together, thus resulting in a reduction in the weight of the head and a slight increase in the weight of the base of the pedestal, as compared to prior-art designs."

The argument thus made applies to both groups of claims.

As to the group consisting of claims 2, 4, and 6, it is argued that they are allowable for the reason "that they recite, word for word, an admittedly novel combination in respect to the control of the capacitor-motor element, as defined in the allowed claims 1, 3 and 5, respectively." In the final analysis, however, the argument as to this group is really based upon the result of increasing the weight of the pedestal base and reducing the weight of the motor whereby the top of the fan pedestal is lightened, and better balance secured.

Appellant cited numerous authorities in his brief and others were referred to in the oral argument on his behalf and supplied in a memorandum furnished the court after the argument was concluded. These we have examined and considered in connection with the arguments.

We are unable to trace the result which appellant claims to have obtained to any source except the alterations or modifications made in the motor. Appellant has introduced a motor into his combination different from the prior art motor, but he has not made any combination which differs in any material respect from the combination shown by the Jennings patent, although the desirable result of better balance may be obtained.

That merely substituting a new element for an old one does not render the combination into which the new element is introduced patentable if the combination be not thereby rendered novel is certainly well settled in patent law. In re Germantown Trust Co., Executor of the Estate of Charles E. Vawter, Deceased, 57 F.(2d) 365, 19 C.C.P.A.(Patents) 1140.

We find no error in the decision of the Board of Appeals, and the same is affirmed.

Affirmed.

HATFIELD, Associate Judge, did not participate in the decision of this case.